UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TROPICANA ENTERTAINMENT INC.,

Plaintiff,

v.

N3A MANUFACTURING, INC., d/b/a HOTELURE, INC.; NIALL ALLI; ADRIENNE ALLI; RICHARD BENNETT; JAY KALMAN; and JOSEPH RIZZO,

Defendants.

Case No. 3:16-cv-0257-LRH-VPC

ORDER

Before the court is defendants N3A Manufacturing, Inc., d/b/a Hotelure, Inc. ("Hotelure"); Niall Alli; Adrienne Alli; Richard Bennett; Jay Kalman; and Joseph Rizzo's (collectively "individual defendants") motion to dismiss plaintiff Tropicana Entertainment Inc.'s ("Tropicana") first amended complaint (ECF No. 3). ECF No. 26. Tropicana filed an opposition to the motion (ECF No. 32) to which defendants replied (ECF No. 34).

**I.     Facts and Procedural Background**

At its core, this is a breach of contract action. Plaintiff Tropicana owns and operates a number of hotels, resorts, and casinos throughout the world. As part of its business operations, Tropicana operates an online supplier portal known as SWS Direct. The supplier portal allows the Tropicana to procure goods and services directly from registered vendors. Prior to transacting business on SWS Direct, each vendor must submit a verified registration packet. As part of the

registration packet, each vendor agrees to certain contractual terms and conditions.[1] All purchases and sales through SWS Direct are conducted via purchase orders. Each purchase order also contains certain terms and conditions including the specific condition that each individual signing on behalf of a vendor expressly warrants and represents that he or she has the power and authority to bind the vendor to the agreement.

Defendant Hotelure is a company which supplies various hotel goods and furnishings. On or about April 3, 2014, Hotelure submitted a verified vendor registration packet and became a registered vendor on SWS Direct. ECF No. 3, Ex. 1. Thereafter, on six different occasions from April through September 2015, Tropicana submitted purchase orders to Hotelure through SWS Direct for the purchase of hotel furniture and equipment. *See* ECF No. 3, Exs. 3-6. On each occasion, Hotelure issued a confirming invoice accepting each purchase order and requesting either full or partial payment of the order prior to delivery. In satisfaction of each purchase order, the Tropicana submitted payments in excess of $1,700,000.00 directly to Hotelure which were accepted and deposited. However, Hotelure allegedly failed to deliver the contracted goods.

On May 17, 2016, Tropicana filed a complaint against defendants. ECF No. 1. Subsequently, on June 23, 2016, the Tropicana filed its first amended complaint against defendants alleging seven causes of action: (1) breach of contract; (2) violation of the Nevada Uniform Commercial Code ("Nevada UCC"); (3) breach of the implied covenants of good faith and fair dealing; (4) unjust enrichment; (5) conversion; (6) fraud and misrepresentation; and (7) negligent misrepresentation. ECF No. 3. Thereafter, defendants filed the present motion to dismiss. ECF No. 26.

**II.    Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th

---

[1] A copy of SWS Direct's terms and conditions are attached as Exhibit 2 to Tropicana's complaint. *See* ECF No. 3, Ex. 2.

2

Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.   Discussion**

    **A.  Breach of Contract**

To plead a cause of action for breach of contract a plaintiff must allege: (1) the existence of a valid contract; (2) a breach of that contract by the defendant; and (3) damages resulting from

that breach. *See Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

In their motion to dismiss, defendants argue that there is no contract between Tropicana and the non-corporate individual defendants. *See* ECF No. 26. The court agrees. Here, the only contracts alleged in this action are those directly between Tropicana and Hotelure. There are no separately alleged individual contracts between Tropicana and the non-corporate individual defendants for the purchase of goods and furnishings. In fact, nowhere in the first amended complaint does the Tropicana even identify the individual defendants who allegedly signed the vendor registration packet or acknowledged the purchase orders. Rather, Tropicana simply uses the term "defendants" throughout the first amended complaint. *See, e.g.,* ECF No. 3, ¶19 ("Defendants submitted a verified vendor registration packet[.]"). However, such general allegations are insufficient to plead the existence of separate contracts with the non-corporate individual defendants.

Further, the court takes judicial notice of the contract documents attached to Tropicana's first amended complaint which includes Hotelure's vendor registration packet and the six purchase orders. *See* ECF No. 3, Exs. 1-6. These documents make clear that all contracts for the purchase of hotel goods are solely between Tropicana and Hotelure. Nowhere in these documents did the individual defendants agree to deliver goods to Tropicana. Rather, the individual defendants signed the registration packet or acknowledgement of the purchase orders solely as employees and representatives of defendant Hotelure. *See* ECF No. 3, Ex. 1 ("Vendor and the individual signing on behalf of Vendor each warrant and represent that such individual has complete power and authority to bind Vendor as a party to the agreement."). Therefore, the court shall grant the defendants' motion as to this claim and dismiss the non-corporate individual defendants.

### B. Uniform Commercial Code

In its second cause of action, Tropicana has brought a claim against defendants under Nevada's UCC for breach of a sale of goods, NRS §§ 104.2101 *et seq. See* ECF No. 3. Specifically, the Tropicana alleges that it entered into six different sales transactions with

4

defendants for the purchase of hotel furniture and, on each occasion, the defendants breached that sales agreement by failing to tender the purchased goods. However, as addressed above, there are no allegations in the first amended complaint relating to the individual defendants. Rather, all of the alleged sales transactions were between Tropicana and defendant Hotelure. *See Supra* §III(A). Therefore, the court shall likewise grant defendants' motion as to this claim.

### C. Breach of the Implied Covenants of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe Cty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts §205); *see also Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007) ("It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair actions by one party that work to the disadvantage of the other."). "The implied covenants of good faith and fair dealing impose a burden that requires each party to a contract to 'refrain from doing anything to injure the right of the other to receive the benefits of the agreement.'" *Integrated Storage Consulting Servs.*, 2013 U.S. Dist. LEXIS 107705, at *23 (quoting *San Jose Prod. Credit Ass'n v. Old Republic Life Ins. Co.*, 723 F.2d 700, 703 (9th Cir. 1984).

To establish a claim for breach of the implied covenants of good faith and fair dealing, a plaintiff must allege: (1) the existence of a contract between the parties; (2) that defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991). A contractual breach of the implied covenants of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp.*, 808 P.2d at 923-24. "Establishing such a breach of the implied covenant depends upon the 'nature and purposes of the underlying contract and the legitimate expectations of the parties arising from the contract.'" *Integrated Storage Consulting Servs.*, 2013 U.S. Dist. LEXIS 107705, at *23 (quoting *Mundy*, 885 F.2d at 544) As such, a breach of the implied covenants of

good faith and fair dealing is "limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *McKnight v. Torres*, 563 F.3d 890, 893 (9th Cir. 2009).

Axiomatic to this claim is the existence of a contract. *See Perry*, 900 P.2d at 338. As addressed above, Tropicana has no contract with any of the individual defendants. *See Supra* §III(A). As such, the individual defendants could not have engaged in any conduct in contravention of a non-existent contract. Accordingly, the court shall dismiss the non-corporate individual defendants from this claim.

### D. Unjust Enrichment

An action for unjust enrichment arises when a defendant "retains a benefit which in equity and good conscience belongs to another." *Nevada Indus. Dev. v. Bendetti*, 741 P.2d 802, 804 n.2 (Nev. 1987). To plead a claim for unjust enrichment a plaintiff must allege: (1) a specific benefit conferred on the defendant by the plaintiff; (2) appreciation of such benefit by the defendant; and (3) acceptance and retention of that benefit by the defendant. *Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981). However, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997). Thus, a claim for unjust enrichment applies only to situations where there is no legal contract between the parties but where the defendant is alleged to be in possession of money or property which in good conscience that defendant should not retain. *Id*.

Here, Tropicana alleges the defendants have unjustly retained payments made to them for the purchase of goods that were never delivered. However, Tropicana's first amended complaint fails to allege that any money was specifically paid to any of the individual defendants or that the individual defendants accepted and retained any monies paid. Further, the court takes judicial notice of the copies of the various check payments made by Tropicana. *See* ECF No. 3, Exs. 3-6. As established by the attached exhibits, all of the checks issued by Tropicana were made out

solely to defendant Hotelure and not any of the individual defendants. Therefore, the court shall grant defendants' motion on this claim.

### E. Conversion

In its fifth cause of action, Tropicana alleges that the defendants engaged in conversion of its rightfully purchased goods. *See* ECF No. 3. In Nevada, to plead a claim for conversion a plaintiff must allege: (1) a distinct and intentional act of dominion by defendant which is wrongfully exerted over the property of plaintiff; (2) an act committed in denial of, or inconsistent with the plaintiff's use and enjoyment of the property; (3) an act committed in derogation, exclusion, or defiance of plaintiff's rights or titled in the property; (4) causation; and (5) damages. *M.C. Multi-Family Development, L.L.C. v. Crestdale Assoc., Ltd.*, 193 P.3d 536, 543 (Nev. 2008).

Here, the Tropicana has once again failed to make any specific allegations related to the individual defendants. Nowhere in the first amended complaint does the Tropicana allege any distinct or intentional act by any of the individual defendants to deprive it of the purchased goods. Rather, Tropicana alleges generally that "defendants" kept the contracted hotel goods despite retaining payment for the goods. However, as addressed above, all payment was made directly to defendant Hotelure and not to any of the individual defendants. *See Supra* §III(D). Further, there are no allegations relating to how any of the individual defendants exercised dominion or control over the purchased goods. Accordingly, the court shall dismiss the individual defendants as to this claim.

### F. Fraud and Misrepresentation

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three facts: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance on such false representations; and (3) damages resulting from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity" as to the "circumstances constituting [that] fraud or mistake." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged

7

false representations as well as the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). The heightened pleading standard of Rule 9(b) serve "not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).

In its first amended complaint, Tropicana alleges that the defendants fraudulently misrepresented their ability to meet Tropicana's purchase orders and also misrepresented that they would abide by the terms and conditions of SWS Direct. The court has reviewed Tropicana's complaint and finds that it fails to allege its claim for fraud with the requisite particularity. Specifically, the first amended complaint fails to allege any specific statements made by each individual defendant. Instead, the first amended complaint alleges generally that "[d]efendants falsely and knowingly represented that they would abide by the [t]erms and [c]onditions of SWS Direct." ECF No. 3. However, the particularity requirements of Rule 9(b) do not allow a complaint to merely lump multiple defendants together in general allegations. *See Swartz*, 476 F.3d at 764. Instead, Rule 9(b) "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. Because the Tropicana has made no attempt to differentiate or specify its allegations as to each individual defendant, the court shall dismiss the individual defendants as to this claim.

### G.  Negligent Misrepresentation

A claim for negligent misrepresentation occurs when "[o]ne who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their

justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating that information." Restatement (Second) Torts, Section 522 (1977).

In its first amended complaint, Tropicana alleges that defendants knew, or should have known, that they could not provide the purchased goods at the time the purchase agreement was accepted. *See* EFC No. 3. However, Tropicana once again fails to make any specific allegations related to the individual defendants. Nowhere in the first amended complaint does Tropicana identify which individual defendant supplied false information, whether that defendant was acting in the scope of his or her employment, or how the individual supplied the allegedly false information. In fact, at no point in this claim does Tropicana even mention the non-corporate individual defendants. Therefore, the court shall grant defendants' motion as to this claim and dismiss the non-corporate individual defendants.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 26) is GRANTED. Defendants Niall Alli, Adrienne Alli, Richard Bennett, Jay Kalman, and Joseph Rizzo are DISMISSED from this action without prejudice. Plaintiff may amend its complaint as to these defendants within thirty (30) days of the entry of this order.

IT IS SO ORDERED.

DATED this 5th day of April, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE