UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TROPICANA ENTERTAINMENT INC.,

Plaintiff,

v.

N3A MANUFACTURING, INC., d/b/a HOTELURE, INC.; NIALL ALLI; ADRIENNE ALLI; RICHARD BENNETT; JAY KALMAN; and JOSEPH RIZZO,

Defendants.

Case No. 3:16-cv-0257-LRH-VPC

ORDER

Before the court is defendants N3A Manufacturing, Inc., d/b/a Hotelure, Inc. ("Hotelure"); Niall Alli; and Jay Kalman's (collectively "defendants") motion for appointment of counsel. ECF No. 63.

Defendants request appointment of counsel in this civil action because they no longer have the resources to pay for their own counsel. However, defendants have failed to establish that exceptional circumstances warrant the appointment of counsel. First, defendants are not at risk of having their physical liberty lost if they lose the litigation. *See e.g., Lassiter v. Dept. of Social Services of Durham County, N.C.*, 452 U.S. 18, 25 (1981) (recognizing that an indigent defendant only has a right to counsel in civil actions if their physical liberty is at risk). Second, defendants have not made any showing that they are unable to represent themselves in this contract dispute action or put on any defense. Finally, even if the court were to appoint counsel

1

for the individual defendants, corporate defendant Hotelure would not be entitled to appointed counsel as a matter of law. Therefore, the court shall deny defendants' motion.

IT IS THEREFORE ORDERED that defendants' motion for appointment of counsel (ECF No. 63) is DENIED.

IT IS SO ORDERED.

DATED this 10th day of April, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE