UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TROPICANA ENTERTAINMENT INC.,

Plaintiff,

v.

N3A MANUFACTURING, INC., d/b/a HOTELURE, INC.; NIALL ALLI; and JAY KALMAN,

Defendants.

Case No. 3:16-cv-0257-LRH-VPC

ORDER

Before the court is plaintiff Tropicana Entertainment Inc.'s ("Tropicana") motion for default judgment. ECF No. 64.

**I.     Facts and Procedural Background**

At its core, this is a breach of contract action. Plaintiff Tropicana owns and operates a number of hotels, resorts, and casinos throughout the world. As part of its business operations, Tropicana operates an online supplier portal known as SWS Direct. The supplier portal allows the Tropicana to procure goods and services directly from registered vendors. Prior to transacting business on SWS Direct, each vendor must submit a verified registration packet. As part of the registration packet, each vendor agrees to certain contractual terms and conditions. All purchases and sales through SWS Direct are conducted via purchase orders.

///

Defendant N3A Manufacturing, Inc., d/b/a Hotelure, Inc. ("Hotelure") is a company which supplies various hotel goods and furnishings. Defendant Niall Alli is the owner of Hotelure. On or about April 3, 2014, Hotelure, through defendant Jay Kalman, submitted a verified vendor registration packet and became a registered vendor on SWS Direct. ECF No. 3, Ex. 1. Thereafter, on six different occasions from April through September 2015, Tropicana submitted purchase orders to Hotelure through SWS Direct for the purchase of hotel furniture and equipment. *See* ECF No. 3, Exs. 3-6. On each occasion, Hotelure issued a confirming invoice accepting each purchase order and requested either full or partial payment of the order prior to delivery. In satisfaction of each purchase order, the Tropicana submitted payments in excess of $1,700,000.00 directly to Hotelure which were accepted and deposited. However, Hotelure failed to deliver the contracted goods.

On May 17, 2016, Tropicana filed a complaint against defendants. ECF No. 1. Then, on June 23, 2016, the Tropicana filed an amended complaint. ECF No. 26. Finally, on May 5, 2017, Tropicana filed a verified second amended complaint with leave of court alleging seven causes of action against defendants: (1) breach of contract; (2) violation of the Nevada Uniform Commercial Code ("Nevada UCC"); (3) breach of the implied covenants of good faith and fair dealing; (4) unjust enrichment; (5) conversion; (6) fraud and misrepresentation; and (7) negligent misrepresentation. ECF No. 40. Despite being served with the second amended complaint on August 2, 2017, defendants did not file an answer or otherwise respond to the complaint.

On December 7, 2017, Tropicana filed an application for entry of clerk's default against defendants (ECF No. 59) which was entered by the court clerk on December 11, 2017 (ECF No. 61). Thereafter, on March 9, 2018, Tropicana filed the present motion for default judgment. ECF No. 64.

**II.    Discussion**

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. FED. R. CIV. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment

from the court in accordance with Rule 55(b). FED. R. CIV. P. 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id*.

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The court has reviewed the documents and pleadings on file in this matter and finds that the *Eitel* factors support entering a default judgment in favor of Tropicana in this action. First, Tropicana will be severely prejudiced if a default judgment is not entered because defendants have shown an unwillingness to appear or otherwise defend themselves in this action since the filing of the second amended complaint. Second, Tropicana's claims are sufficiently pled and supported in its verified complaint and the attached purchase orders and copies of cashed checks support its request for monetary relief. Third, the monetary relief requested by Tropicana is directly related to its claims for breach of contract and the unfulfilled purchase orders. Fourth, defendants have failed to provide any excusable neglect for their failure to participate in this action. Finally, although public policy favors a resolution on the merits, the court finds that a default judgment is warranted in light of the other *Eitel* considerations. Therefore, the court shall grant Tropicana's motion for default judgment.

///
///
///
///

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (ECF No. 64) is GRANTED.

IT IS FURTHER ORDERED that plaintiff Tropicana Entertainment Inc. shall have ten (10) days after entry of this order to prepare an appropriate judgment against defendants and submit the same for approval and signature.

IT IS SO ORDERED.

DATED this 3rd day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE