|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |

| | |
|---|---|
| TROPICANA ENTERTAINMENT INC., | |
| Plaintiff, | |
| v. | Case No. 3:16-cv-0257-LRH-VPC |
| N3A MANUFACTURING, INC., d/b/a HOTELURE, INC.; NIALL ALLI; and JAY KALMAN, | ORDER |
| Defendants. | |

Before the court is plaintiff Tropicana Entertainment Inc.'s ("Tropicana") motion to strike defendants' errant filing (ECF No.70). ECF No. 72.

Under Federal Rules of Civil Procedure 12(f), a district court has the power to strike any filing that contains "redundant, immaterial, impertinent, or scandalous" matter. FED. R. CIV. P. 12(f). This includes the power to strike documents that do not comply with either the Federal Rules of Civil Procedure or the relevant district Local Rules. *See Center for Biological Diversity v. U.S. Fish & Wildlife Service*, 450 F.3d 930, 944 (9th Cir. 2006).

Here, on May 10, 2018, defendant Niall Alli ("Alli"), on behalf of himself and defendant Jay Kalman ("Kalman") who are both proceeding *pro se*, filed a letter with the court requesting that they be dismissed from this action because they have not been receiving court filings at the address on file with the court. *See* ECF No. 70. This letter does not comply with the requirements

1

for a court filing under the Local Rules or the Federal Rules of Civil Procedure. As such, the court shall strike the filing as an errant document.

However, the court has reviewed defendants' letter in which they contend that they have not been receiving copies of filed motions, court orders, and other related documents at the address on file with the court. *See* ECF No. 70. Therefore, the court shall stay the recent default judgment and grant defendants Alli and Kalman leave to file an appropriate motion or other filing with the court. Defendants are on notice that any document or motion filed with the court shall comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Nevada. Additionally, as part of the court's order, defendants Alli and Kalman shall update their personal contact information with the court so that all court filings and documents may be served and delivered to their proper addresses, rather than the business address of defendant N3A Manufacturing, Inc.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (ECF No. 72) is GRANTED. Defendants' filing (ECF No. 70) shall be STRICKEN from the record.

IT IS FURTHER ORDERED that default judgment against defendants Niall Alli and Jay Kalman shall be STAYED pending timely compliance with both of the following:

(1) Defendants Niall Alli and Jay Kalman shall have ten (10) days from entry of this order to update their contact information with the Clerk of Court, and

(2) Defendants Niall Alli and Jay Kalman shall have twenty (20) days after entry of this order to file an appropriate filing or motion challenging the default judgment against them with the court that complies with the Federal Rules of Civil Procedure and the Local Rules. Upon such a filing, the stay ordered by the court at line 17 shall be extended until further order of the court.

IT IS SO ORDERED.

DATED this 8th day of June, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE